51 CCPA
**Application of Roy F. LoPRESTI and Jerome C. Salmons.**

**Patent Appeal No. 7159.**

United States Court of Customs and Patent Appeals.

July 13, 1964.

Parker & Carter, Chicago, Ill. (James G. Staples, Murray A. Gleeson, Chicago, Ill., Spencer B. Michael, Washington, D. C., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Stripped of verbiage, the issue which emerges from the examiner's answer and the opinions of the board is the propriety of the rejection of the appealed claims[1] as unpatentable in view of the Craggs and McCann U. S. Patent No. 2,773,257.[2] We agree with the basic proposition that the appealed claims are unpatentable over the reference. The reasons assigned by the examiner for this rejection become confused in the 5 pages of the record devoted to the examiner's answer. The reasons assigned by the board for its affirmance of the examiner also become confused in the 24 pages of the record devoted to the board's opinions. We shall, therefore, in affirming the rejection endeavor so to state what we understand to be the basic reasons for the rejection as to eliminate such confusion.

The essential fact which underlies the present issue is that the appealed claims are directed to what appellants assert to be an improvement in the rope frame conveyors disclosed in the Craggs and McCann patent as the invention of Craggs and McCann. While the appealed application and the Craggs and McCann patent are owned by a common assignee, this fact, in view of the grounds on which we decide this case, has no significance.

Belt conveyors of the type here in issue are used for transporting discrete solid bulk materials such as coal. They consist of an endless belt supported on rollers which are carried by the side-frame structure of the conveyor. As distinguished from the rigid sideframe conveyors of the prior art, the conveyors here in issue are of the rope frame type in which flexible strands or ropes are suspended between support posts located on each side of the belt. The rollers which engage the underside of the belt and support the belt and the load carried thereon are connected with and supported by the flexible strand or rope sideframes.

Specifically, appealed claims 22–26 relate to the strand or rope sideframe conveyor shown in the Craggs and McCann patent, except that the number and spacing of the belt-supporting rollers in the appealed claims are particularly defined while the Craggs and McCann patent is not so limited. The claimed roller arrangement serves as a means by which the deflection of the conveyor belt is said to be controlled and limited to a predetermined amount, while retaining the elasticity and impact-absorbing characteristics of ordinary strand or rope sideframe conveyors.

---

1. Claims 22–26 of appellants' application Serial No. 785,109 entitled "Rope Frame Conveyor With Controlled Belt Deflection," filed January 2, 1959 as a continuation of appellants' copending application Serial No. 521,772, filed July 13, 1955.

2. Entitled "Conveyor Having Fexible Strand Side Frames and Troughing Roller Assembly Therefor." The patent issued December 4, 1956 on application Serial No. 600,418, filed July 27, 1956 as a continuation of application Serial No. 521,355, filed July 11, 1955.

■ The Craggs and McCann patent issued on their application whose effective filing date is two days prior to the filing date of appellants' parent application. It is, therefore, "an application for patent by another" and as such is prior art as expressly provided in 35 U.S.C. § 102(e).

At this point, however, the examiner and the board disagree as to what portion of the Craggs and McCann patent may be relied upon to support the rejection of the claims. The examiner's position, characterized by the board as being "in error," was that only the claims of the patent may be relied upon to support the rejection. The board, substituting a view for which no authority is cited, would predicate the rejection upon what Craggs and McCann "in fact" did.

Another fact which must be considered is that appellants have attempted to antedate the reference by affidavits under Rule 131 showing completion of their improvement before the filing date of the reference which contains a disclosure of their improvement.

As above indicated, there is no question but that the Craggs and McCann *patent* must be considered, initially, to be prior art under section 102(e). Appellants have also recognized in their specification that the Craggs and McCann *invention* is prior art. In appellants' brief there is the specific admission that:

> "The present appellants therefore improved on the basic Craggs and McCann concept by 1) using two and *only* two troughing roller assemblies between adjacent support means and 2) using equi-distant displacements of each troughing roller assembly from the nearest flexible sideframe support point. * * *
>
> "As a further concept 3), the distance between each flexible sideframe support structure 13 and its two flanking support structures is equal."

■ The situation may be summarized thus: The Craggs and McCann patent is "prior art" under 102(e). However, it is shown to contain a disclosure of appellants' invention [3] as well as the invention of Craggs and McCann. While the Rule 131 affidavits may overcome that part of the disclosure of the reference relating to appellants' invention, they cannot affect the admissions of appellants that the disclosures in the reference of what Craggs and McCann invented is "prior art" and the case must be decided on the assumption it is prior art notwithstanding the affidavits.

■ The opinion of the board suggests that the rejection is based on 35 U.S.C. § 103. We agree that this is the proper statutory ground of rejection. Such a rejection requires a determination of whether the differences between the appealed claims and the prior Craggs and McCann *invention* are such that appellants' invention as a whole would have been obvious to a person of ordinary skill in this art at the time their invention was made.

■ The only difference between what appellants claim and what Craggs and McCann admittedly invented lies in the numerical and spatial relationship of the rollers with respect to the support posts. We agree with the statement in the examiner's answer:

> "* * * that it would be obvious to one skilled in the art that a symmetrical set-up should be employed. In all conveyor installations a symmetrical set-up is generally contemplated. If the instant conveyor were installed in a level mine floor unsymmetrically, it would be obvious from just visual inspection that the belt would not be in contact with all of the troughing idler assemblies (especially under no-load conditions). Thus, it appears obvious that a skilled worker in the art would adjust the conveyor set-up until all of the troughing idler assemblies come

3. The practice of referring to inventions of others disclosed in a later filed application is not uncommon and is specifically condoned in Rule 79.

into contact with the belt, and such an adjustment would necessarily result in placing the rollers and stands in a symmetrical set-up, especially if the floor is level and the load on the belt is uniform. Otherwise, what would be the need of the troughing idler assemblies if they don't come into contact with the conveyor belt?

We think, therefore, that appellants' invention as a whole, as claimed in the appealed claims, would have been obvious to one of ordinary skill in this art at the time they made their invention since it involves nothing more than a standardization of the number of rollers and perhaps their uniform spacing in the Craggs and McCann conveyor.

We say "perhaps" in connection with the asserted uniform spacing of the rollers and question the patentable significance of the allegedly uniform spacing of the rollers because appellants themselves in their specification suggest varying the equi-distant arrangement of the rollers when necessary to control and prevent harmonic motion in the conveyor.

Solely for the foregoing reasons, we affirm the decision of the board.

Affirmed.